

Robert E. Johnston
202 898 5800
rjohnston@hollingsworthllp.com

September 2, 2020

**VIA ECF**

The Honorable Ellen Lipton Hollander
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      RE:    *Robert Witt v. Novartis Pharmaceuticals Corporation*, Case No. No. 1:20-CV-01249

Dear Judge Hollander:

      Plaintiff Robert Witt and Defendant Novartis Pharmaceuticals Corporation ("NPC") in accordance with the scheduling order entered on August 14, 2020 (ECF No. 20) jointly submit this letter and address the six points set forth below, and request a hearing regarding the remaining disagreements. The parties also attach a Proposed Modification to the Proposed Scheduling Order (Ex. 1).

      **(1) Whether you would like to participate in a settlement conference and, if so, when.**

      The parties are willing to participate in mediation or a settlement conference after the filing of dispositive motions. The parties request leave to jointly select a mediator from the Court's approved list three months prior to mediation.

      **(2) Whether discovery of electronically stored information may be necessary.**

      Discovery of electronically stored information will be necessary in this case. The parties at this time do not anticipate issues related to the disclosure, discovery, or preservation of such information. NPC has put in place appropriate preservation measures and is familiar with the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information.

      **(3) Whether you would like to defer any of the expert discovery until after summary judgment motions are resolved.**

      The parties will not defer any of the expert discovery until after summary judgment motions. However, Novartis does contemplate the possibility of filing a summary judgment motion regarding the dispositive statute of limitations issue prior to the discovery and dispositive briefing deadlines, and anticipates that such a motion may not require expert testimony. Novartis would seek leave to file such a motion, and would agree to the page limit for summary judgment briefing with the understanding that both the statute of limitations summary judgment motion, and the summary judgment motion on any remaining issues (if necessary) would be applied to the page limit set forth in the Local Rules.

The Honorable Ellen Lipton Hollander
September 2, 2020
Page 2



**(4) The number of deposition hours that will be needed.**

NPC requests ten depositions of fact witnesses with the normal time limits under the Federal Rules of Civil Procedure (seven hours per deposition). *See* Fed. R. Civ. P. 30(d)(1). Plaintiff's proposal of a 15-hour limitation to depositions for all fact witness is insufficient for this case. Given the allegations concerning plaintiff's complicated health status, which includes an 18-year history of chronic myeloid leukemia, there will be a large number of providers relevant to both plaintiff's cancer treatment and treatment for plaintiff's alleged injuries. Plaintiff has already identified no fewer than 5 treating physicians – including two oncologists, a primary care physician, and a vascular surgeon – all of whom NPC anticipates deposing. As discovery progresses, NPC expects to identify additional healthcare providers who will need to be deposed. NPC will also need to depose plaintiff, as well as others with knowledge of plaintiff's cancer and alleged injuries, such as family members and friends. The number and time limits for fact depositions requested by NPC is consistent with the prior practice of the parties in this litigation, including the attorneys representing plaintiff here. As a result, NPC should be permitted to conduct 10 fact depositions in accordance with the federal rules.

Plaintiff proposes that the Court's default limit of 15 hours to depose the parties and all fact witnesses is sufficient. Defendant's witnesses have been deposed in prior matters and therefore, additional deposition time will be duplicative. Plaintiff is a single individual and there are a limited amount of treating physicians with relevant information. Therefore, Plaintiff requests maintaining the Court's default limit.

The parties also request that expert depositions be limited to two days per deposition, and no longer than fourteen hours on record between the two days.

**(5) Whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.**

There is not unanimous consent to have this case transferred to a U.S. Magistrate Judge for all further proceedings.

**(6) Other Proposed Orders.**

NPC has provided Plaintiff with a proposed Rule 502(d) order (Ex. 2) and a Confidentiality and Protective Order (Ex. 3), which are in a form that has been agreed to by other counsel who have plaintiffs with pending Tasigna® product liability matters. NPC's production of documents in this case is conditioned upon the entry of an appropriate Confidentiality and Protective Order in this case that is substantially similar to those developed by counsel for the parties in two prior cases involving this product.

Plaintiff does not object to the entry of the proposed Rule 502(d) order. Plaintiff objects to entry of Defendant's proposed confidentiality and protective order. In other related proceedings, Defendant publicly produced a substantial amount of documents and information. For other documents and information, Plaintiff will consider Defendant's requests for confidentiality or protection on a case-by-case basis, but Plaintiff will not agree to entry of a blanket confidentiality and protective order.

The Honorable Ellen Lipton Hollander
September 2, 2020
Page 3



Sincerely,

| | |
|---|---|
| /s/ Craig M. Silverman | /s/Robert E. Johnston |
| Craig M. Silverman (MD Bar No. 16898) | Robert E. Johnston, Esq. |
| 120 Broadway – 27th Floor | Maryland Bar No. 12686 |
| New York, New York 10271 | rjohnston@hollingsworthllp.com |
| Phone: (212) 732-9000 | Donald R. McMinn, Esq. (*Admitted Pro Hac Vice*) |
| Fax: (212) 266-414 | dmcminn@hollingsworthllp.com |
| Email: Csilverman@triallaw1.com | Andrew L. Reissaus, Esq. (*Admitted Pro Hac Vice*) |
| | Hollingsworth LLP |
| /s/Todd Friedman | 1350 I Street Northwest |
| Todd R. Friedman | Washington, District of Columbia 20005 |
| Richard Elias | (202) 898-5800 |
| Elias LLC | |
| 231 S. Bemiston Avenue, Suite 800 | *Attorneys for Defendant* |
| St. Louis, MO 63105 | *Novartis Pharmaceuticals Corporation* |
| Ph: (314) 391-6820 | |
| tfriedman@eliasllc.com | |
| relias@eliasllc.com | |

*Attorneys for Plaintiff Robert Witt*